FILED
United States Court of Appeals
Tenth Circuit

November 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

OSCAR AURELIANO PENA-
VALENCIA,

  Defendant - Appellant.

No. 11-4136
(D. Utah)
(D.C. No. 2:11-CV-00421-DAK)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant Oscar Aureliano Pena-Valencia filed a motion for relief under

28 U.S.C. § 2255 in the United States District Court for the District of Utah.  The

district court denied the motion, and Defendant seeks a certificate of appealability

(COA) from this court to appeal the denial.  *See* 28 U.S.C. § 2253(c)(1)(B)

(requiring a COA to appeal the denial of a § 2255 motion).  We deny his

application for a COA and dismiss the appeal.

**I.     BACKGROUND**

Defendant entered into an agreement with the government and pleaded

guilty to reentry of a previously removed alien under 8 U.S.C. § 1326.  As part of

the plea agreement, he waived his right to raise a collateral attack on his sentence

except on the ground of ineffective assistance of counsel. The district court sentenced him to 46 months' imprisonment. He appealed his sentence but we dismissed the appeal as untimely. *See* Order, *United States v. Pena-Valencia*, No. 10-4181 (10th Cir. Apr. 14, 2011).

On May 9, 2011, Defendant filed his § 2255 motion in district court. He claimed (1) that he was denied his right to effective assistance of counsel because his trial counsel failed to conduct a thorough examination into the facts of the case, to interrogate witnesses, to move to suppress evidence, and to apprise him of his "substantial rights and potential defenses," R., Vol. 1 at 5; (2) that his plea was unknowing and involuntary because the sentencing court did not advise him of his rights under the Constitution and Fed. R. Crim. P. 11; (3) that the sentencing court erroneously relied upon unsupported allegations in the presentence report in determining that his prior conviction had been for a drug-trafficking crime; (4) that he should not have been given an enhanced sentence because his prior conviction was not for a drug-trafficking crime, and thus not for an aggravated felony; (5) that his prior conviction was an element of his offense, not just a sentencing enhancement, and therefore should have been alleged in his indictment and proved beyond a reasonable doubt; (6) that his sentence should be modified after taking into account commentary in the Sentencing Guidelines on cultural assimilation; (7) that his sentence was greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a); and (8) that his

custody is in violation of his constitutional rights because his status as an alien increases the severity of his punishment.

The district court ruled that Defendant's waiver of his collateral-attack rights precluded all his claims except the claim of ineffective assistance of counsel. And it rejected that claim because his allegations were conclusory. The court noted: "[Defendant] does not identify any specific evidence that his counsel should have discovered or moved to suppress. He also fails to identify any witness who had evidence to support a defense to his illegal reentry charge." *Id.* at 53. Additionally, it said, "[Defendant's] claim that he was not apprised of his substantive rights does not identify any specific rights and is not supported by [his] plea colloquy," during which he indicated his satisfaction "with the help given to him by his lawyer" and the court discussed with him "the nature of the charge, his right to plead not guilty, his right to have a jury trial, his right to call witnesses, his right to be represented by a lawyer, and his rights with respect to appeal." *Id.* at 54.

Construed liberally, Defendant's pleadings in this court appear to raise the first five issues raised in his § 2255 motion.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. And "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

No reasonable jurist could dispute the district court's determination that Defendant did not adequately allege an ineffective-assistance-of-counsel claim and that his other claims were barred by the waiver in his plea agreement. Indeed, Defendant does not challenge in this court the district court's reasoning regarding the ineffectiveness claim or its ruling on waiver.

## III.   CONCLUSION

We DENY Defendant's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-